**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| A WOMAN'S FRIEND PREGNANCY RESOURCE CLINIC, a California Religious Nonprofit Corporation; ALTERNATIVE WOMEN'S CENTER, *Plaintiffs-Appellants*, <br><br> v. <br><br> XAVIER BECERRA,* Attorney General, Attorney General, State of California, *Defendant-Appellee.* | No. 15-17517 <br><br> D.C. No. 2:15-cv-02122-KJM-AC <br><br> ORDER |

On Remand from the Supreme Court of the United States

Filed August 28, 2018

Before: Dorothy W. Nelson, A. Wallace Tashima, and John B. Owens, Circuit Judges.

---

*Xavier Becerra has been substituted for his predecessor, Kamala D. Harris, as Attorney General for the State of California under Fed. R. App. P. 43(c)(2).

## SUMMARY[**]

### Preliminary Injunction / First Amendment

On remand from the United States Supreme Court, the panel reversed in part, vacated in part, and remanded to the district court for further proceedings in light of *National Institute of Family and Life Advocates v. Becerra ("NIFLA")*, 138 S. Ct. 2361 (2018).

In *NIFLA*, the Supreme Court concluded that the plaintiffs were "likely to succeed on the merits of their [free speech] challenge to the licensed notice [requirement in the California Reproductive Freedom, Accountability, Comprehensive Care, and Transparency Act]." 138 S. Ct. at 2376. The panel held that the same provision was at issue in this case, and reversed the district court's conclusion that plaintiffs were not likely to succeed on the merits of their First Amendment free speech claim.

The panel vacated the district court's order on the three remaining preliminary injunction *Winter* factors, and remanded for the district court to reconsider them in light of *NIFLA*.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# ORDER

This case is back before us on remand from the United States Supreme Court.  *See A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 2018 WL 3148264 (U.S. June 28, 2018).  In light of *National Institute of Family and Life Advocates ("NIFLA") v. Becerra*, 138 S. Ct. 2361 (2018), we **reverse in part**, **vacate in part**, and **remand** this case to the district court for further proceedings.

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  A "plaintiff [must] make a showing on *all four prongs*" to obtain a preliminary injunction.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (emphasis added); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (stating that a plaintiff "must show" all four factors before an injunction may issue (citation and internal quotation marks omitted)). In the Ninth Circuit, a plaintiff may also obtain a preliminary injunction by showing "serious questions go[] to the merits" of its claims and a balance of hardships that tips "sharply" towards the plaintiff, so long as it makes a showing on the other two factors. *Alliance*, 632 F.3d at 1135.

In *NIFLA*, the Supreme Court concluded that the plaintiffs were "likely to succeed on the merits of their [free speech] challenge to the licensed notice [requirement in the California Reproductive Freedom, Accountability, Comprehensive Care, and Transparency Act]."  138 S. Ct. at 2376.  The same

provision is at issue here. *See A Woman's Friend Pregnancy Res. Clinic*, 2018 WL 3148264, at *1. We therefore **reverse** the district court's conclusion that A Woman's Friend Pregnancy Resources Clinic, Crisis Pregnancy Center of Northern California, and Alternatives Women's Center ("Plaintiffs") were not likely to succeed on the merits of their free speech claim.

The district court found Plaintiffs had raised "serious questions going to the merits" of their claims and that they were likely to suffer irreparable harm, but concluded that the balancing of the equities did not tip "sharply" in their favor and that the injunction, on free speech grounds, would not be in the public interest. *A Woman's Friend Pregnancy Res. Clinic v. Harris*, 153 F. Supp. 3d 1168, 1209–10, 1215–17 (E.D. Cal. 2015). The district court engaged in this alternative analysis based on its now-erroneous conclusion that Plaintiffs were not likely to succeed on the merits of their First Amendment claim. *See id.* at 1214. Accordingly, we **vacate** the district court's order on the three remaining *Winter* factors and **remand** for the district court to consider them again in light of *NIFLA*.

Plaintiffs-Appellants shall recover their costs on appeal from Defendants-Appellees.

**REVERSED in part, VACATED in part, and REMANDED.**